# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**CARL L. SHERRELL,**

        Plaintiff,

v.                                                                 Civil Action No. 5:19-CV-181
                                                                                      (BAILEY)

**FTS INTERNATIONAL, INC. and**
**FTS INTERNATIONAL SERVICES, LLC,**

        Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE

Currently pending before this Court is the Defendants' Motion to Transfer Venue [Doc. 6], filed May 29, 2019. This Court has reviewed the above and is of the opinion that this matter shall more appropriately be adjudicated in the United States District Court for the Northern District of West Virginia. Accordingly, the Motion is hereby **DENIED**.

## BACKGROUND

On April 19, 2019, the plaintiff filed suit in the Circuit Court of Wetzel County, West Virginia [Doc. 1]. On May 22, 2019, the defendants removed the above-styled action to the United States District Court for the Northern District of West Virginia based upon diversity jurisdiction [id.]. On May 29, 2019, defendants filed the instant Motion to Transfer Venue [Doc. 6], asking this Court to transfer venue to the United States District Court for the Western District of Pennsylvania. In support of their motion, defendants argue that venue is proper in the Western District of Pennsylvania and that the interests of convenience and fairness weigh in favor of transfer.

1

On June 11, 2019, the plaintiff filed a Response in Opposition [Doc. 7] to the requested transfer. First, the plaintiff argues that defendants have failed to recognize the significant deference that is to be accorded a plaintiff's choice of forum. Second, the plaintiff asserts that the convenience of trying this case in the Western District of Pennsylvania does not outweigh that of allowing the matter to remain in the Northern District of West Virginia. Finally, the plaintiff contends that the interests of justice support keeping this case in its present forum.

## DISCUSSION

### I.   Applicable Standard

When a defendant objects to venue under Rule 12(b)(3), the plaintiff bears the burden of establishing that venue is proper. *See* ***Plant Genetic Sys., N.V. v. Ciba Seeds, Mycogen Plant Sci., Inc.***, 933 F.Supp. 519, 526 (M.D. N.C. 1996) (citing ***Bartholomew v. Va. Chiropractors Ass'n, Inc.***, 612 F.2d 812, 816 (4th Cir. 1979)). Title 28 U.S.C. § 1404(a) permits this Court to transfer a civil action to any other district where such action may have been brought "[f]or the convenience of the parties, in the interest of justice . . .."

Thus, the threshold question of a section 1404(a) analysis is whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action "might have been brought." If the Court answers this initial question in the affirmative, the Court must make an "individualized, case-by-case consideration of convenience and fairness." ***Toney v. Family Dollar Store, Inc.***, 273 F.Supp.2d 757, 763 (S.D. W.Va. 2003) (quoting ***Stewart Org., Inc. v. Ricoh Corp.***, 487 U.S. 22, 29 (1988)). In so doing, this Court has broad discretion. ***Nichols v. G.D. Searle***

***& Co.***, 991 F.2d 1195 (4th Cir. 1993).

It is clear from the pleadings that a substantial portion of the alleged events giving rise to the instant action occurred in Pennsylvania, and the defendants do not contest personal jurisdiction in this case. Accordingly, this Court has answered the initial question, whether both judicial districts are ones in which this civil action might have been brought, in the affirmative.

Having overcome the initial threshold discussed above, in which this Court has determined either of the proposed venues to be proper, this Court must now embark on its consideration of the following factors, which, in this Court's discretion, will help guide it to the more proper venue. Some of the factors which this Court may consider include: (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of attendance for witnesses; (4) the availability of compulsory process; (5) the interest in having localized interests decided at home; and (6) the interests of justice. **Toney v. Family Dollar Store**, 273 F.Supp.2d at 763.

Further, this Court must consider the plaintiff's choice of forum. "Unless the balancing of these factors weighs strongly in favor of the defendant, the plaintiff's choice of forum generally should not be disturbed." **Casana Furniture Co., Ltd. v. Coaster Co. of America**, 2009 WL 783399, *3, *4 (M.D. N.C. Mar. 24, 2009)(Osteen, J.), **Brown v. Flowers,** 297 F.Supp.2d 846, 850 (M.D. N.C. 2003); **Collins v. Straight, Inc.**, 748 F.2d 916, 921 (4th Cir. 1984). Moreover, "[w]hile a district court has discretion to transfer the action to a more appropriate venue, a court should not transfer venue where doing so would only shift the inconvenience to another party." **Casana**, 2009 WL 783399, at *4-5.

3

II.  **Analysis**

   A.  **The Ease of Access to Sources of Proof**

In this case, sources of proof for the plaintiff's claims will potentially consist of witness testimony and documentary evidence. For the reasons that follow, this Court finds that the Western District of Pennsylvania does not provide easier access to any of these sources of proof.

First, there are likely a number of witnesses located in West Virginia, Pennsylvania, and Texas who may play a part in discovery and trial. None of those witnesses should have difficulty appearing to testify at trial–if necessary–which this Court has set in Wheeling, West Virginia.

Second, "[i]n light of present technology, documentary evidence may be readily produced in this district" or the Western District of Pennsylvania. ***Consolidation Coal Co. v. Marion Docks, Inc.***, 2009 WL 2031774, *9 (W.D. Pa. July 10, 2009)(McVerry, J.). Thus, the documentary evidence in this case is equally accessible in either district.

In sum, this Court is of the opinion that the sources of proof in this case are equally accessible in either district. Accordingly, this Court will not give this factor a great deal of weight.

   B.  **The Cost and Convenience to Parties and Witnesses**

Defendants argue that the witnesses with knowledge of this matter reside largely in the Western District of Pennsylvania or Texas. In response, the plaintiff argues that the travel distance for the two courthouses is not much different from the Pittsburgh airport. The undersigned Judge makes two round trips to the Pittsburgh Airport and back to

4

Wheeling every week. It is not an inconvenience.

Upon consideration of the above factor and the arguments in support of the parties' respective positions, this Court finds that the facts of this particular case do not greatly weigh in either party's favor. Accordingly, this Court believes this factor to be of little use in the instant inquiry.

### C. The Availability of Compulsory Process

Due to the proximity of the two districts at issue, this Court notes that many of the non-party witnesses in this action are within the 100-mile radius of the Northern District of West Virginia's subpoena power under Fed. R. Civ. P. 45(c)(3)(A)(ii). Accordingly, this factor also fails to tip the scales one way or another.

### D. The Interests of Justice

Finally, in assessing a motion to transfer, this Court must consider the interests of justice, "'an analysis encompassing those factors unrelated to witness and party convenience.'" **Original Creatine Patent Co., Ltd. v. Met-Rx USA, Inc.**, 387 F.Supp.2d 564, 571 (E.D. Va. 2005) (quoting **Acterna, L.L.C. v. Adtech, Inc.**, 129 F.Supp.2d 936, 939-40 (E.D. Va. 2001)). This factor includes such considerations as: (a) a court's familiarity with the applicable law (especially relevant, for example, in cases in which the claims involve interpretation of another state's statutes or another court's jurisprudence); (b) where the claims at issue arose and any consequent local interest in resolving the case locally; and (c) the relative congestion of the courts' dockets. See *Original Creatine*, 387 F.Supp. at 571 (citing **Intranexus, Inc. v. Siemens Medical Solutions Health Servs.**, 227 F.Supp.2d 581, 583 (E.D. Va. 2002)).

5

### 1. The Court's Familiarity with the Applicable Law.

A federal court sitting in diversity must apply the choice-of-law rules of the state in which it sits. *Perini/Tompkins Joint Venture v. Ace Am. Ins. Co.*, 738 F.3d 95, 100 (4th Cir. 2013). As this Court is presently sitting in diversity, West Virginia choice-of-law rules apply to this matter.

The Supreme Court of Appeals of West Virginia draws its analytical framework related to choice-of-law provisions from the Restatement (Second) of Conflict of Laws § 187. Section 187 provides that a choice-of-law provision should be upheld unless (1) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (2) application of the laws of the chosen jurisdiction would offend the public policy of the state whose law would otherwise apply. *Gen. Elec. Co. v. Keyser*, 166 W.Va. 456, 462, 275 S.E.2d 289, 293 (1981) (citing Restatement (Second) of Conflict of Laws § 187 (1971)); *see also Manville Personal Injury Settlement Trust v. Blankenship*, 231 W.Va. 637, 749 S.E.2d 329, 336 (2013). This Court finds that neither exception applies, and thus that Delaware law should be applied in interpreting the contract.

Here, the parties have only one contact with the state of Delaware: FTS International, Inc. is incorporated in Delaware. Although the West Virginia Supreme Court has never considered the precise question, this Court is of the opinion that where application of a foreign state's law does not offend West Virginia public policy, one party's incorporation in that state is a contact sufficient to allow the parties to choose its law to govern its contract. This holding is consistent not only with the West Virginia Supreme

Court's ruling in ***Keyser***, as described below, but also with § 187 of the Restatement.

The comments to § 187 note that the "substantial relationship" test is met "where one of the parties is domiciled" in the chosen state, and a corporation's "domicile" is its state of incorporation. *Compare* Restatement (Second) of Conflict of Laws § 187 cmt. f, *with* Black's Law Dictionary 523 (8th ed. 2004). Courts consistently so hold when applying § 187. *See, e.g.*, ***Valley Juice Ltd. v. Evian Waters of France, Inc.***, 87 F.3d 604, 608 (2d Cir. 1996) ("[T]he Restatement . . . makes clear that the incorporation of one party in the state whose law is chosen under the contract is sufficient to satisfy any applicable contacts requirement."); ***Carlock v. Pillsbury Co.***, 719 F.Supp. 791, 807 (D. Minn. 1979) ("A party's incorporation in a state is a contact sufficient to allow the parties to choose that state's law to govern their contract."); ***Schroeder v. Rynel, Ltd.***, 720 A.2d 1164, 1166 (Me. 1998) ("Incorporation in a state constitutes a substantial relationship."); ***Nedlloyd Lines B.V. v. Superior Court***, 834 P.2d 1148, 1153 (Cal. 1992) ("The incorporation of these parties in Hong Kong provides the required 'substantial relationship.'").

FTS International, Inc.'s incorporation in Delaware therefore provides the required "substantial relationship"—so long as the application of Delaware law does not offend West Virginia public policy. This was the West Virginia Supreme Court's holding in ***Keyser***: where the parties' only contact with the chosen state is one party's incorporation, *and* application of that state's law would offend West Virginia public policy, the choice-of-law provision is invalid. In ***Keyser***, the West Virginia Supreme Court invalidated a choice-of-law provision where the parties' only contact with the designated jurisdiction was one party's state of incorporation. ***Keyser***, 166 W.Va. at 466. The court emphasized, however,

7

that in addition to that paucity of contact, application of the designated jurisdiction's law would significantly change the rules of decision in the case. *Id.* at 465–66. Thus, because there existed "only scant contact with [the designated jurisdiction] in [the] transaction *and* [its] law, however construed, would not effectuate our public policy," the court invalidated the clause. *Id.* at 466. Finally, the court added that the clause itself was "classic boilerplate," making it unlikely that meaningful bargaining over the provision took place. *Id.* at 465 (emphasis added).

Here, in contrast, the parties offer no cogent argument that the public policy of West Virginia would be offended by application of Delaware law to the contract; indeed, as previously noted, Delaware and West Virginia interpret contracts in similar manner. This Court can therefore discern no reason at this time to invalidate the choice-of-law provision.

### 2. Local Interest.

FTS argues that the people of the Western District of Pennsylvania have an interest in seeing that this case is resolved in their community because plaintiff was working in the Western District of Pennsylvania.

In response, the plaintiff argues that the Northern District of West Virginia maintains a significant interest in adjudicating the present matter, as it directly concerns the well being of its citizens.

Upon consideration of the above factor and the arguments in support of the parties' respective positions, this Court finds that the local interest of the Western District of Pennsylvania does not strongly outweigh this District's interest in the well being of its residents.

8

### 3. Docket Conditions.

As previously recognized, "[t]his Court does not permit its docket conditions to govern the speed at which its motions are resolved." *Hostetter, Keach & Cassada Construction, LLC v. Miller & Anderson, Inc.*, 2010 U.S. Dist. LEXIS 75570, *16 (N.D. W.Va. July 27, 2010).

In conclusion, this Court finds that the balance of the factors for transfer are strongly in favor of not transferring this action. Accordingly, Defendants' Motion to Transfer Venue should be **DENIED**.

### **CONCLUSION**

Based upon the foregoing, this Court finds that Defendants' Motion to Transfer Venue **[Doc. 6]** should be, and hereby is, **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record herein.

**DATED:** July 15, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE